Tannaz "Tawny" Mazarei, Esq. (State Bar No.: 188993)
Elizabeth Rader, Esq. (State Bar No.: 184963)
**MAZAREI LAW GROUP, INC.**
19200 Von Karman Ave., Suite 365
Irvine, CA 92612
Phone: (714) 418-5797
Fax: (714) 418-5788

Attorneys for Defendants, Seattle Pain Relief, PLLC and David M. Birdsall

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA,**

| | |
|---|---|
| Kauluokala Adams<br><br>Plaintiff,<br>v.<br><br>Seattle Pain Relief, PLLC; David M. Birdsall; and Alexey Ryskin, Inclusive<br><br>Defendants. | Case No.: 8:26-cv-00841<br>Judge: Hon. Douglas F. McCormick<br><br>**DECLARATION OF ELIZABETH RADER IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS CLAIMS 4-6 FOR FAILURE TO STATE A CLAIM (Rule 12(b)(6)).**<br><br>**Date: August 11, 2026**<br>**Time: 10:00 AM**<br>**Ctrm: 6B** |

**DECLARATION OF ELIZABETH H. RADER**

I, Elizabeth H. Rader, declare as follows

1. I am an attorney duly admitted to practice before this Court. I am of counsel with Mazarei Law Group, Inc. attorneys of record for Defendants.

2. If called as a witness, I could and would competently testify to all facts within my personal knowledge except where stated upon information and belief.

3. This declaration is submitted in support of Defendants' Motion to Dismiss claims 4-6.

4. I am informed and believe that the parties have had several conversations about the possible settlement of the case. In the interim, I made several efforts to meet and confer with Plaintiff's counsel, Mr. Peterson, regarding the claims alleged in the Complaint. After exchanging multiple emails and telephone calls, I was finally able to speak with plaintiff's counsel on June 18, 2026 about the basis for the Motion to Dismiss and the potential for resolution without the involvement of the Court.

5. I explained the basis for Defendants' Motion to Dismiss to Mr. Peterson, namely, failing to state a claim for Claims 1-6 in Kauluokala Adams' claims. During the telephonic meet and confer, we discussed Defendants' positions, including that the fraud and misrepresentation claims are not sufficiently specific as to each required element to satisfy Rule 9(b), and that the alter ego claim allegations were conclusory and unsupported by specific fact allegations. I provided case citations for those arguments.

6. Mr. Peterson contended that the claims contained sufficient allegations to state the claims asserted, but he agreed to consider my points and respond to them. The following morning, he responded by email maintaining that all the claims were sufficiently pleaded, and responding in particular to my arguments with respect to Labor Act Claims 2 and 3.

7. After receiving Mr. Peterson's email, Defendants narrowed certain aspects of the motion to dismiss, including not moving to dismiss Claims 2 and 3. With respect to arguments raised in this motion, however, the parties remain at an impasse.

///

///

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 22nd day of June 2026.

_______/s/___________________
Elizabeth H. Rader