Tannaz "Tawny" Mazarei, Esq. (State Bar No.: 188993)
Elizabeth Rader, Esq. (State Bar No.: 184963)
**MAZAREI LAW GROUP, INC.**
19200 Von Karman Ave., Suite 365
Irvine, CA 92612
Phone: (714) 418-5797
Fax: (714) 418-5788

Attorneys for Defendants, Seattle Pain Relief, PLLC and David M. Birdsall

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Kauluokala Adams<br><br>Plaintiff,<br><br>v.<br><br>Seattle Pain Relief, PLLC; David M. Birdsall; and Alexey Ryskin, Inclusive<br><br>Defendants. | Case No.: 8:26-cv-00841<br>Judge: Douglas F. McCormick<br><br>**DEFENDANTS' MOTION TO DISMISS CLAIMS 4-6 FOR FAILURE TO STATE A CLAIM (Rule 12(b)(6)).; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>**Date: August 11, 2026**<br>**Time: 10:00 AM**<br>**Ctrm: 6B** |

///
///

## TABLE OF CONTENTS

**PAGE(S)**

**I. INTRODUCTION** ........................................ 4

**II. FACTUAL BACKGROUND** ........................................ 4

**III. LEGAL STANDARD** ........................................ 6

**IV. ARGUMENT** ........................................ 6

**A. Adams fails to state a claim under California Labor Code § 226 because it does not allege that Adams' employer violated that section "knowingly and intentionally" or that "an injury resulted."** ........................................ 6

**B. Adams' claim of fraud[1] should be dismissed because it does not allege intent to defraud or induce reliance and it is lacks the specificity required by Rule 9(b)** ........................................ 7

**C. Adams' claim of negligent misrepresentation also fails to state a claim because the allegations are conclusory and cannot allege fraud with the specificity required by Rule 9(b).** ........................................ 10

D. **Adams' alter ego claim fails to state a claim because the allegations are conclusory and not supported by specific factual allegations** ........................................ 10

**V. CONCLUSION** ........................................ 12

## TABLE OF AUTHORITIES

**STATE CASES** **PAGE(S)**

***Bell Atl. Corp. v. Twombly, 550 U.s. 544, 570 (2007)*** ........................................ 6

***Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)** ........................................ 6

***Lazar v. Superior Court*, 12 Cal. 4th 631, 638, 49 Cal. Rptr. 2d 377, 909 P.2d 981 (1996)**

***Avakian v. Wells Fargo Bank, N.A., 827 F. App'x 765, 766 (9th Cir. 2020)*** ........................................ 8

***Kearns v. Ford Motor Co., 567 F.3d 1120, 1124*** ........................................ 8

***Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997).** ........................................ 8

***Rosenthal v. Great W. Fin. Sec. Corp* 14 Cal. 4th 394, 415, 58 Cal. Rptr. 2d 875, 926 P.2d 1061**

**(1996)**..............................................................................................................................8

***Rodriguez v. JP Morgan Chase & Co.*, 809 F. Supp. 2d 1291, 1296 (S.D. Cal. 2011)…………8**

***United States Inc. v. Trident AG Servs. LLC*, 2025 U.S. Dist. LEXIS 190502, *19-20, 2025 LX 417094, 2025 WL 2762648**......................................................................................................8

***Grouse River Outfitters, Ltd. v. NetSuite, Inc., 2018 U.S. Dist. LEXIS 3298, 2018 WL 306719…*8**

***Tarmann v. State Farm Mut. Auto Ins. Co.*, 2 Cal. App. 4th 153, 158, 2 Cal. Rptr. 2d 861 (1991)**

***Jimirro v. Paley Ctr. for Media*, No. CV 25-188-E, 2025 U.S. Dist. LEXIS 182777……………8**

***Krawitt v. Infosys Techs. Ltd., Inc.*..........................................................................................8**

***Nat'l. Union Fire Ins. Co. of Pittsburgh, PA v. Cambridge Integr. Servs. Grp*…………………8**

***Monreal v. GMAC Mort., LLC*, 948 F. Supp. 2d 1069, 1077-78** (S.D. Cal. 2013**………………8**

***Davis v. Abbott Labs*, 562 F. Supp. 3d 585, 589 (C.D. Cal. 2021).** ... ..…………….................10

***Merco Constr. Eng'rs, Inc. v. Mun. Ct.*, 21 Cal. 3d 724, 729, 147 Cal. Rptr. 631, 581 P.2d 636 (1978)**………………………..………………..…………… ..…………....……..………………………......10

***Maxwell Cafe v. Dep't of Alcoholic Beverage Control*, 142 Cal. App. 2d 73, 78, 298 P.2d 64 (1956**…………………………..…………...……..……...…………...…….………………………10

***Pac. Gulf Shipping Co. v. Vigorous Shipping & Trading S.A.*, 992 F.3d 893, 898 (9th Cir. 2021)**………...………..……...…………. ..……..……. ..……..……. ..……………………….......11,12

***Sonora Diamond Corp. v. Superior Court*, 83 Cal. App. 4th 523, 538, 99 Cal. Rptr. 2d 824 (2000)**…… ..…………… ..…………… ..…………… ..…………… ..…………………………….....11

***Matter of Christian & Porter Aluminum Co.*, 584 F.2d 326, 338 (9th Cir. 1978)**…………….11

***Gerritsen v. Warner Bros. Ent. Inc.*, 116 F. Supp. 3d 1104, 1136 (C.D. Cal. 2015)** …………....11

***Tatung Co., Ltd. v. Shu Tze Hsu*, 217 F. Supp. 3d 1138, 1176 (C.D. Cal. 2016)**…………...…..11

***Yamaha Corp. of America v. State Bd. of Equalization*** (1998) 19 Cal.4th ..…….…………….....11

***Minifie v. Rowley*, 187 Cal. 481, 487-88, 202 P. 673 (1921)** ………………...…….………....11

***Troyk v. Farmers Group, Inc.* (2009) 171 Cal. App. 4th 1305, 1341 [90 Cal. Rptr. 3d 589]** …....………….....……..……...……..…….....…………....…………....…………...………………....12

**CIVIL CODES, FEDERAL CODES AND CALIFORNIA LABOR CODES**

Code Civ. Proc., 12(b)(6) …….........................................................................................7

Labor Code § 226 (a) (e)……..................................................................................1,2,7,8

Fed. R. Civ. P. 9(b).) ……......................................................................................2,7,8

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

The dispute between the plaintiff, Kauluokala Adams, and his former employer, Seattle Pain Relief, PLLC ("SPR") is essentially about the promissory note Adams agreed to sign lending SPR $200,000.00 at 16% interest and his claim for unpaid wages and statutory penalties for non-payment. The additional four claims asserted against not only SPR, the borrower, but also its two shareholders, fail to allege the required elements for the causes of action alleged. Mr. Adams alleges that SPR agreed to pay him a monthly amount for his work but kept him "classified as an independent contractor." The alleged employment agreement is not provided with the complaint. Nevertheless, Mr. Adams seeks to hold SPR's individual owners liable for the corporation's debt without pleading non-conclusory allegations for its alter ego theory. As for his fraud and negligent misrepresentation claims, they both fail to meet Rule 9's requirements for specificity as to the alleged misrepresentation and defendants' alleged intent to defraud him. Those claims should be dismissed for failure to state a claim. Doing so will focus case management and settlement negotiations on Adams' claims for SPR's breach of the promissory note and unpaid wages, vacation time and commissions.

### II. FACTUAL BACKGROUND

Mr. Adams was hired by SPR, and allegedly by its owners, defendants Birdsall and Ryskin, in October 2023. Dkt. 1, ¶¶ 4-8. Adams alleges that between October and December 2023, defendants made no payments to him for his work performed on their behalf. *Id.* at ¶ 10. When he complained to Birdsall on or about December 18, 2023, Birdsall proposed that he invest in SPR. Specifically, he proposed that Adams lend $200,000 to SPR in exchange for a monthly interest payment and a portion of the net profit SPR received until the loan was repaid. *Id.*

at ¶ 11. Adams would actually pay SPR $183,333 because SPR was crediting him for two months wages SPR owed him. Defendants allegedly represented to Adams that the funds would be used as operating capital for SPR and permit it to expand its operations. *Id.*

Adams alleges that at the same time he signed the promissory note, he "was presented with an employment agreement making him an employee entitled to additional benefits and commissions "as of January 1, 2024" and he agreed to the proposed terms. Dkt. 1, ¶ 14. But the complaint does not include an employment agreement, and Adams alleges that defendants "kept him improperly classified as an independent contractor during his employment." Dkt. 1, ¶ 16. He additionally alleges that he was not provided with W2 forms for 2024 and 2025 and that defendants failed to make any employers' contribution to the IRS, provide him with pay stubs when he was paid, pay his bi-weekly salary on more than two occasions and failed or refused to give him medical benefits or pay him commissions he was entitled to. *Id.*, ¶¶ 15-17. In or around August 2025, Adams' employment was terminated and he alleges that he was owed unpaid wages, commissions and accrued vacation time, which were not paid to him upon termination. *Id.*, ¶ 18.

Adams alleges—on information and belief—that his loan to SPR was not used for business purposes or as operating capital. *Id.*, ¶ 20. Instead, he "witnessed Defendant Birdsall purchase a new vehicle, take elaborate trips to Europe and make lavish personal expenses after [Adams] provided the funds, while claiming Defendant SPR lacked sufficient funding to pay" funds it owned to Adams. *Id.*, ¶ 20. He further alleges—on information and belief—that SPR was an alter ego of the individual defendants "because SPR lacked sufficient capitalization, there was a unity of interest between the defendants, and there was a commingling of personal and business accounts and expenses among the Defendants and allowing Defendants to do so would permit a fraud to occur." *Id.*, ¶ 21.

## III. LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) challenges the legal sufficiency of the claims stated in the complaint. See Fed. R. Civ. P. 12(b)(6). A plaintiff must state "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has "facial plausibility" if the plaintiff pleads facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In resolving a 12(b)(6) motion, the Court follows a two-pronged approach. First, the Court accepts all well-pleaded factual allegations as true, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citation omitted). Nor must the Court "'accept as true a legal conclusion couched as a factual allegation.'" *Id.* at 678-80 (quoting *Twombly*, 550 U.S. at 555). Second, assuming the veracity of well-pleaded factual allegations, the Court "determine[s] whether they plausibly give rise to an entitlement to relief." *Id.* at 679. This determination is context-specific, requiring the Court to draw on its experience and common sense, but there is no plausibility "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct ...." *Id.*

## IV. ARGUMENT

### A. Adams fails to state a claim under California Labor Code § 226 because it does not allege that Adams' employer violated that section "knowingly and intentionally" or that "an injury resulted."

Under California Labor Code § 226, an employer must provide its employee with a written "accurate itemized statement" including nine categories of payroll information, "semimonthly or at the time of each payment of wages." Cal. Lab. Code § 226(a). To recover under Section 226(e), a plaintiff must show that his employer (1) violated California Labor Code § 226(a); (2) knowingly and

intentionally; and (3) an injury resulted. *Morrelli v. Corizon Health, Inc.,* No. 1:18-cv-1395-LJO-SAB, 2019 U.S. Dist. LEXIS 29717, 2019 WL 918210, at *9 (E.D. Cal. Feb. 25, 2019).

Here, Adams alleges that he "was a California employee of Defendants SPR and Birdsall" from 2024 to 2025 but each failed "or refused" to provide him with any wage statement, paystub, or W2. Dkt. 1, ¶ 24. But he does not allege that either SPR or Birdsall violated Section 226(a) "knowingly or intentionally" or that "an injury resulted" from the non-provision of such documents. Because those are elements of the cause of action, the claim should be dismissed.

**B. Adams' claim of fraud[2] should be dismissed because it does not allege intent to defraud or induce reliance and it is lacks the specificity required by Rule 9(b).**

Under California law, a claim of fraud must have the following elements: "(a) a misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of falsity (or 'scienter'); (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage." *In re Estate of Young*, 160 Cal. App. 4th 62, 79, 72 Cal. Rptr. 3d 520 (2008) (quoting *Lazar v. Superior Court*, 12 Cal. 4th 631, 638, 49 Cal. Rptr. 2d 377, 909 P.2d 981 (1996) (internal quotation marks omitted)). Federal Rule of Civil Procedure 9(b) provides that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b).

The circumstances constituting any alleged fraud must be pleaded "specific[ally] enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong." *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009) (internal citation omitted). Claims "for unfair business practices, intentional

misrepresentation, fraud, and negligent misrepresentation are all fraud-based claims, and must meet the heightened pleading requirements of Rule 9(b)[.]" *Avakian v. Wells Fargo Bank, N.A.*, 827 F. App'x 765, 766 (9th Cir. 2020), citing *Kearn*s, 567 F. 3d at 1125. Claims of fraud must be accompanied by the "who, what, when, where, and how." *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997).

Fraud in the inducement is a subset of fraud that "occurs when the promisor knows what he is signing but his consent is induced by fraud." *Rosenthal v. Great W. Fin. Sec. Corp.*, 14 Cal. 4th 394, 415, 58 Cal. Rptr. 2d 875, 926 P.2d 1061 (1996). Fraud in the inducement of a contract shares the same elements as actual fraud. *Rodriguez v. JP Morgan Chase & Co.*, 809 F. Supp. 2d 1291, 1296 (S.D. Cal. 2011); *United States Inc. v. Trident AG Servs. LLC*, 2025 U.S. Dist. LEXIS 190502, *19-20, 2025 LX 417094, 2025 WL 2762648. A promise to take some action in the future generally does not constitute actionable fraud. *Grouse River Outfitters, Ltd. v. NetSuite, Inc.*, 2018 U.S. Dist. LEXIS 3298, 2018 WL 306719, at *4 (N.D. Cal. Jan. 5, 2018) (citing *Tarmann v. State Farm Mut. Auto Ins. Co.*, 2 Cal. App. 4th 153, 158, 2 Cal. Rptr. 2d 861 (1991)); *Jimirro v. Paley Ctr. for Media*, No. CV 25-188-E, 2025 U.S. Dist. LEXIS 182777, *27 (C.D. Cal., September 17, 2025). Instead, plaintiffs must "plead facts explaining why the statement was false when it was made." United States ex rel. *Krawitt v. Infosys Techs. Ltd., Inc.*, 342 F. Supp. 3d 958, 963 (N.D. Cal. 2018).

Here, Adams alleges that each defendant misrepresented to him that his loan to SPR would be used as operating capital. Dkt. 1, ¶¶ 48-50. Assuming that is true, it was a promise to use the funds as operating capital *in the future*, not a representation of existing facts. Further, the promissory note itself is *silent* as to how funds would be used, suggesting that how SPR might use the funds it borrowed was not material to the agreement. Dkt 1, Ex. 1. Adams alleges that each defendant "intended to direct the funds from SPR to its owners" and knew the

representation that the funds would be used as operating capital" was false and/or misleading when it was made. But these allegations are conclusory: no facts are alleged that, if true, would support them. Adams merely alleges that he witnessed Birdsall purchasing a new car, taking trips to Europe and incurring "lavish personal expenses" after Adams provided the loan funds. Dkt. 1, ¶ 20. But this allegation is conclusory and only alleges events *after* Adams agreed to lend SPR funds and signed the promissory note. He alleges no reason, other than timing, to conclude that Birdsall used the funds he lent to SPR rather than his own money (or credit) to buy a new vehicle or pay for his travel and other expenses. That conclusion is pure speculation. Adams alleges that he reasonably relied on defendants' representations and would not have agreed to lend $200,0000 to "defendants" if he had known that the funds would not be used as operating capital. *Id.*, ¶ 51. But again, this is conclusory. It is also contradicted by the promissory note, Exhibit 1, which provides that if a "misrepresentation by the Borrower to the Lender for the purpose of obtaining or extending credit" occurs, the Borrower's obligations "shall become due immediately, without demand or notice." Dkt. 1 at 12, IV (g). In other words, the parties considered the possibility that a misrepresentation might occur and provided the remedy for that possibility: payment would become due immediately and automatically. Based on the promissory note, sixteen percent interest per annum was the reason Adams agreed to lend SPR the funds. Dkt, 1, Ex. 1 at I. a. "payments." He also alleges that he was promised a portion of SPR's net profit until the loan was repaid. Dkt. 1, ¶ 11. For all these reasons, Adams does not sufficiently allege facts to state a claim for fraud.

**C. Adams' claim of negligent misrepresentation also fails to state a claim because the allegations are conclusory and cannot allege fraud with the specificity required by Rule 9(b).**

"The elements of negligent misrepresentation are '(1) the misrepresentation of a past or existing material fact, (2) without reasonable ground for believing it to

be true, (3) with intent to induce another's reliance on the fact misrepresented, (4) justifiable reliance on the misrepresentation, and (5) resulting damage.'" *Nat'l. Union Fire Ins. Co. of Pittsburgh, PA v. Cambridge Integr. Servs. Grp.*, 171 Cal. App. 4th 35, 50 (2009). Because negligent misrepresentation sounds in fraud, a plaintiff must meet the pleading requirements of Federal Rule of Civil Procedure 9(b). *Monreal v. GMAC Mort., LLC*, 948 F. Supp. 2d 1069, 1077-78 (S.D. Cal. 2013); *Davis v. Abbott Labs*, 562 F. Supp. 3d 585, 589 (C.D. Cal. 2021).

Here, as discussed above, Adams' allegations that defendants misrepresented how SPR would use the funds it borrowed from him do not contain sufficient facts to satisfy Rule 9(b). That Birdsall allegedly spent funds on a new vehicle and other personal expenses after Adams lent money to SPR, without more, does not show that he used SPR's loan proceeds to do so. It is pure speculation. Therefore, Adams fails to allege even the first element of negligent misrepresentation, and this claim should be dismissed.

**D. Adams' alter ego claim fails to state a claim because the allegations are conclusory and not supported by specific factual allegations.**

"It is fundamental, of course, that a 'corporation is a distinct legal entity separate . . . from its officers.'" *Merco Constr. Eng'rs, Inc. v. Mun. Ct.*, 21 Cal. 3d 724, 729, 147 Cal. Rptr. 631, 581 P.2d 636 (1978) (quoting *Maxwell Cafe v. Dep't of Alcoholic Beverage Control*, 142 Cal. App. 2d 73, 78, 298 P.2d 64 (1956)). Alter ego liability permits a plaintiff to "pierce the corporate veil" and hold corporate owners liable when certain circumstances are present. *Pac. Gulf Shipping Co. v. Vigorous Shipping & Trading S.A.*, 992 F.3d 893, 898 (9th Cir. 2021). The function of the alter ego theory is to prevent the misuse of corporate laws for the purpose of committing fraud, circumventing a statute, or accomplishing some other wrongful or inequitable purpose. *Sonora Diamond Corp. v. Superior Court*, 83 Cal. App. 4th 523, 538, 99 Cal. Rptr. 2d 824 (2000). The corporate form will be disregarded by piercing the corporate veil when a

corporate privilege has been misused. *Id.*, 83 Cal. App. 4th at 538. When the corporate veil is pierced, the shareholders of the corporation will be held personally liable for corporation's actions. *Id.* The alter ego doctrine is an extreme remedy that should be used sparingly. *Id.* at 539.

"Conclusory allegations of 'alter ego' status are insufficient to state a claim. Rather, a plaintiff must allege specific facts supporting . . . the necessary elements." *Gerritsen v. Warner Bros. Ent. Inc.,* 116 F. Supp. 3d 1104, 1136 (C.D. Cal. 2015). A plaintiff asserting alter ego must allege specific facts supporting: (1) "such a unity of interest and ownership between the corporation and its equitable owner that the separate personalities . . . do not in reality exist," and (2) "an inequitable result if the acts in question are treated as those of the corporation alone." *Sonora*, 83 Cal. App. 4th at 538. Both prongs are "necessary for a [c]ourt to impose alter ego liability." *Tatung Co., Ltd. v. Shu Tze Hsu*, 217 F. Supp. 3d 1138, 1176 (C.D. Cal. 2016). "[T]he party seeking to have the corporate entity disregarded has the burden of proving that the alter ego theory should be applied." *Matter of Christian & Porter Aluminum Co.*, 584 F.2d 326, 338 (9th Cir. 1978); *see also Minifie v. Rowley*, 187 Cal. 481, 487-88, 202 P. 673 (1921) (requiring that the complaint contain sufficient factual allegations to invoke alter ego doctrine).

Here, Adams largely recites the *Sonora* factors (Dkt.1, ¶¶ 20, 56-59) but without supporting fact allegations. He alleges that defendants "comingled personal and business asset[s] with SPR, such that Birdsall and Ryskin treated the assets of SPR as their own." Dkt. 1, ¶ 56. But the only specific facts alleged are that he observed Birdsall purchasing a new vehicle, taking elaborate trips to Europe and incurring "lavish expenses" while claiming that SPR lacked the funds to pay Adams' salary, benefits, and commission or repay its loan from Adams. Dkt. 1, ¶ 20. He alleges that Birdsall and Ryskin failed to follow required corporate formalities, but does not explain how, as a marketing manager, he would have had knowledge of whether corporate formalities were followed, or why he believes

corporate records were not maintained. He alleges that there was a unity of interest between defendants "regarding [Adams'] loan and his employment at SPR" in that Birdsall and Ryskin "personally benefitted from the money loaned by Plaintiff and the wages not paid to him when due because [they] were able to keep the funds themselves." Dkt. 1, ¶ 58. But the unity of interest between the alleged *owners* is not relevant. There "must be such a unity of interest and ownership *between the corporation and its equitable owner* that the separate personalities of the corporation and the shareholder do not in reality exist." *Troyk v. Farmers Group, Inc.* (2009) 171 Cal. App. 4th 1305, 1341 [90 Cal. Rptr. 3d 589] (emphasis added). And his allegation that Birdsall and Ryskin kept the loan proceeds for themselves is, itself, conclusory: he alleges no facts other than his observation of Birdsall's spending money for personal expenses after he gave SPR the loan. He alleges no reason to believe that Birdsall used the money SPR had borrowed from him. For the same reason, his allegation that adherence to the "fiction" of SPR as a separate entity would sanction the performance of a fraud is conclusory and insufficient. The alter ego claim should be dismissed.

## V. CONCLUSION

For the reasons set forth above, claims 4-6 fail to state a claim on which relief could be granted and therefore should be dismissed.

Dated: June 22, 2026 **MAZAREI LAW GROUP, INC.**

By: /S/ Tawny Mazarei

Tawny Mazarei
Attorney for Defendants, Seattle Pain Relief, PLLC and David M. Birdsall

*Kauluokala Adams v. Seattle Pain Releif, PLLC.., et al.*
USDC, Central Dist. Case No. 8:26-cv-00841

## CERTIFICATE OF SERVICE

I, Tawny Mazarei, hereby certify that on June 22, 2026, a copy of the foregoing

1. **DEFENDANTS' MOTION TO DISMISS CLAIMS 4-6 FOR FAILURE TO STATE A CLAIM (Rule 12(b)(6)). MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**
2. **DECLARATION OF ELIZABETH RADER IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS CLAIMS 4-6 FOR FAILURE TO STATE A CLAIM (Rule 12(b)(6)).**
3. **[PROPOSED] ORDER DEFENDANTS' MOTION TO DISMISS CLAIMS 4-6 FOR FAILURE TO STATE A CLAIM(Rule 12(b)(6)).**

was served by email, on the following:

| | |
|---|---|
| Gordon Andrew Petersen, II<br>Law Office of Drew Petersen, P.C.<br>17581 Irvine Boulevard, Suite 108<br>Tustin, CA 92780 | Attorneys for Plaintiff Kauluokala Adams |

**I declare under the laws of the United States of America that the foregoing is true and correct. Executed June 22, 2026, at Irvine, California.**:

/s/ Tawny Mazarei
Tawny Mazarei, Esq
Attorney for Defendant Seattle Pain Relief, PLLC, David M. Birdsall and Alexey Ryskin