Gordon Andrew Petersen, II (SBN: 279587)
LAW OFFICE OF DREW PETERSEN, P.C.
17581 Irvine Boulevard, Suite 108
Tustin, California 92780
Telephone: (714) 569-0043
Facsimile: (714) 569-0289
Email: drew@dpetersenlegal.com

Attorney for Plaintiff,
KAULUOKALA ADAMS

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **KAULUOKALA ADAMS,**<br>Plaintiff,<br>v.<br><br>**SEATTLE PAIN RELIEF, PLLC; DAVID M. BIRDSALL;** and **ALEXEY RYSKIN,** inclusive,<br>Defendants. | Case No.: 8:26-cv-00841-DFM<br><br>**FIRST AMENDED COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff KAULUOKALA ADAMS ("Adams"), by and through his undersigned counsel, alleges against Defendant SEATTLE PAIN RELIEF, PLLC, Defendant DAVID BIRDSALL, and Defendant ALEXEY RYSKIN (collectively, "Defendants"), as follows:

**<u>JURISDICTION AND VENUE</u>**

1. This Court has original jurisdiction under 28 U.S.C. §1332, in that this is a civil action between citizens of different states in which the controversy exceeds $75,000, exclusive of costs and interest.

2. This Court also has supplemental jurisdiction over Plaintiff's claims arising under the laws of California pursuant to 28 U.S.C. § 1367(a) because these claims are so related to Plaintiff's claims under federal law that they form part of the same case or controversy and derive from a common nucleus of operative fact.

3. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 (b)(2)-(c) because Defendants, and each of them, are subject to personal jurisdiction in this District and a substantial part of the events, acts and/or omissions giving rise to the claims herein occurred in this District.

**PARTIES**

4. Plaintiff Kauluokala Adams is an individual, domiciled and residing in the State of Hawaii.

5. Defendant Seattle Pain Relief, PLLC ("SPR") is a professional limited liability company formed under the laws of, doing business in, and located in the States of Washington and California. Plaintiff is informed, believes, and alleges the two owners of Seattle Pain Relief are Defendant David M. Birdsall and Defendant Alexey Ryskin.

6. Defendant David M. Birdsall is an individual, residing in the County of Orange, State of California. Plaintiff is informed, believes, and alleges thereon Defendant David M. Birdsall has been an owner of Defendant SPR, since at least 2022, and he was principally responsible for the operations of SPR at all times mentioned herein.

7. Defendant Alexey Ryskin is an individual, residing in the State of Washington. Plaintiff is informed, believes, and alleges thereon Defendant Ryskin has been an owner of Defendant SPR since at least 2022.

**FACTUAL ALLEGATIONS**

8. On or about October 25, 2023, Plaintiff was hired by Defendants to serve as a marketing manager to improve sales and marketing at Defendant SPR. In

exchange for Plaintiff's work, Defendants agreed to pay Plaintiff a monthly total of $8,333.33, but kept Plaintiff classified as an independent contractor.

9. After Plaintiff was hired by Defendants, Defendants SPR and Birdsall required Plaintiff to relocate to Orange County, California to perform his job for Defendants. Plaintiff resided there until 2025, when he returned to Hawaii, his domicile.

10. Between October and December 2023, Defendants made no payments to Plaintiff for his work, even though Plaintiff performed his marketing job on Defendants' behalf. When Plaintiff Adams brought the matter to Defendant Birdsall's attention, he made a proposal for Adama to "invest" in the company to ensure his payments would be made.

11. On or about December 18, 2023, Defendants proposed to Plaintiff Adams that he "invest" in Defendant SPR. As proposed by Defendants, Plaintiff would loan $200,000 to Defendant SPR in exchange for a monthly payment of interest and a portion of the net profit Defendant SPR received until the loan was repaid. As part of the proposal, Defendants represented to Plaintiff the loaned funds would be used as operating capital for Defendant SPR and permit it to expand its operations.

12. On or about December 19, 2023, Defendants presented Plaintiff Adams with a written promissory note which reflected Plaintiff would advance a loan of $200,000 to Defendant SPR, which was to be repaid within one year, and included interest at 16% per annum until the loan was paid, among other terms ("Promissory Note"). A true and correct copy of the executed promissory note is attached hereto as Exhibit 1.

13. On the same day, Defendant Birdsall agreed Plaintiff Adams had not been paid in two months for the work he performed, and that it would be "simplest"

for Plaintiff to reduce the amount sent to Defendant SPR from $200,000 to $183,333, as a credit for the unpaid sums owed to Plaintiff.

14. At the same time, Plaintiff was presented with an employment agreement where as of January 1, 2024, Plaintiff would become an employee of Defendant SPR as its Sales Director, entitled to benefits and commissions in addition to his monthly salary. As part of the employment agreement, Defendants agreed to give Plaintiff 30 days' notice in the event of termination without cause. Plaintiff agreed to the proposed terms.

15. On or about January 18, 2024, Plaintiff received his first salary payment for working for SPR. During a telephone call or meeting that week, Plaintiff inquired with Defendant Birdsall why the amount paid to him was approximately $3,250, given Plaintiff's salary should have been $8,333 per month. During this conversation, Defendant Birdsall represented to Plaintiff that payroll taxes and withholdings had been removed, and the amount paid was the bi-monthly balance.

16. Over the following year, despite the promises of Defendants, Plaintiff did not receive the employment benefits he was entitled to. Defendants, on more than two occasions failed to pay Plaintiff his bi-weekly salary, failed or refused to give him medical benefits as promised, and delayed and failed to pay the commissions he was entitled to based on his performance.

17. On or about February 15, and March 17, 2025, Plaintiff had a telephone call with David Birdsall regarding the need for his 2024 W-2 to be delivered and his employment with Defendant SPR. During each call, Defendant Birdsall represented to Plaintiff that Plaintiff was classified and considered an employee of Defendant SPR as stated in Plaintiff's employment agreement, and Plaintiff would receive a W-2.

18. On March 15, 2025, Plaintiff also sent an email to Defendant Birdsall requesting his 2024 W-2 be provided to him. On March 17, 2025, Defendant Birdsall

responded, writing he would get Plaintiff's W-2 from SPR's accountant. That did not occur.

19. Defendants failed and refused to provide Plaintiff with a W-2 for 2024 and 2025. Plaintiff is informed, believes, and alleges thereon Defendants, and each of them, failed to make any employers contribution to the Internal Revenue Service for payment of Plaintiff's wages, and kept him improperly classified as an independent contractor during his employment, despite their representations to the contrary.

20. Moreover, Defendants, and each of them, failed or refused to provide Plaintiff with any paystubs at the time he was paid, and his bi-weekly salary payments, when made, were paid directly from an account in the name of Defendant Birdsall, not Defendant SPR.

21. In or around August 2025, Defendants terminated Plaintiff's employment. At the time, Defendants owed Plaintiff the sum of at least $8,500 in unpaid wages, and $15,000 in unpaid commissions, and $17,000 for accrued vacation time, which were not paid to him upon termination. Furthermore, Plaintiff was not provided 30 days' notice of termination as required by Plaintiff's employment agreement.

22. Plaintiff is informed, believes, and alleges thereon Defendants did not provide Plaintiff with the benefits he was entitled, or the reasonable value thereof, while employed by them.

23. Plaintiff is further informed, believes, and alleges thereon the loan the provided to SPR in the Promissory Note was not used by Defendant SPR for business purposes or as operating capital. Instead, Plaintiff witnessed Defendant Birdsall purchase a new vehicle, take elaborate trips to Europe, and make lavish personal expenses after Plaintiff provided the funds. Plaintiff is informed, believes, and alleges thereon in the weeks after receiving Plaintiff's loaned funds, Defendant SPR

made a distribution of Plaintiff's loaned funds to Defendants Ryskin and Birdsall as its owners, which made Defendant SPR insolvent or otherwise insufficiently capitalized.

24. When the time for repayment of Plaintiff's loan came due Defendants informed Plaintiff SPR lacked sufficient funds to pay Plaintiff's unpaid salary, benefits and commissions, or repay the loan to Plaintiff.

25. Plaintiff is informed, believes, and alleges Defendant SPR was an alter ego of Defendant Birdsall and Defendant Ryskin because SPR lacked sufficient capitalization, there was a unity of interest between the Defendants, SPR failed to follow corporate formalities, and there was a comingling of personal and business accounts and expenses among the Defendants, and allowing Defendants to do so would permit a fraud to occur.

26. Plaintiff therefore alleges he is entitled to punitive and exemplary damages from defendants, and each of them, from their fraud and concealment.

27. Plaintiff is also entitled to statutory damages, and attorney fees pursuant to the terms of the Promissory Note, the employment agreement, and applicable law.

## FIRST CLAIM FOR RELIEF

**(Breach of Contract)**

**(Against Defendant SPR)**

28. Plaintiff incorporates all of the preceding paragraphs by reference, as through fully set forth herein.

29. Plaintiff and Defendant SPR entered into a written promissory note on December 19, 2023, whereby Plaintiff agreed to loan the sum of $200,000 to SPR, in exchange for the loan to be repaid within 1 year and interest.

30. Plaintiff and Defendant SPR also entered into a written employment agreement whereby Plaintiff would be employed by Defendant SPR as of January 1,

2024, and received base compensation, commissions, and employment benefits in exchange for working as SPR's Sales Director.

31. Plaintiff performed all his obligations required under the agreements between his and SPR.

32. SPR breached its obligations to Plaintiff by not repaying the Promissory Note when due, failing to pay the sums owed to Plaintiff from his salary, commissions, and benefits, as they came due.

33. Plaintiff suffered damages.

34. SPR's conduct was a substantial factor in causing Plaintiff's damages.

## SECOND CLAIM FOR RELIEF

**(Violation of California Labor Code §201, et seq.)**

**(Against Defendant SPR)**

35. Plaintiff incorporates all the preceding paragraphs as though fully set forth herein.

36. California Labor Code Section 201 requires an employer to immediately pay an employee all earned and unpaid wages at the time of discharge.

37. Plaintiff was discharged from employment of Defendant SPR as its Sales Director on or about July 1, 2025.

38. At the time of discharge, Plaintiff was owed earned and unpaid wages in an amount no less than $40,500, which remains unpaid.

39. The public associates and identifies Plaintiff's Trademarks with Plaintiffs.

## THIRD CLAIM FOR RELIEF

**(Violation of California Labor Code §203, et seq.)**

**(Against All Defendants)**

40. Plaintiff incorporates all the preceding paragraphs as though fully set forth herein.

41. California Labor Code Section 203 provides that if a violation of Labor Code Section 201 occurs, the wages of the employee continue as a penalty, for up to 30 days. Furthermore, Labor Code §558.1 provides all persons acting on behalf of the employer (limited to natural person owners, directors, officers, or managing agents) who violates, or causes to violate any provision for the payment of wages (including Labor Code §203), are jointly and severally liable with the employer.

42. Defendants SPR, Birdsall, and Ryskin, and each of them, willfully failed to pay Plaintiff the unpaid wages owed to him, including salary, commissions, and benefits, at the time his employment was terminated from SPR, or any time thereafter.

43. Accordingly, Plaintiff is entitled to 30 days of his base wages from his termination as a penalty against Defendants.

44. Plaintiff has been harmed as a result of Defendants' actions.

45. Defendants' actions were a substantial factor in causing Plaintiff's harm.

**FOURTH CLAIM FOR RELIEF**

**(Violation of California Labor Code §226)**

**(Against Defendants SPR and Birdsall)**

46. Plaintiff incorporates all the preceding paragraphs as though fully set forth herein.

47. Plaintiff resided within, and was a California employee of Defendants SPR and Birdsall from 2024 to 2025.

48. California Labor Code §226 requires an employer to provide a wage statement semi-monthly or at the time wages are paid reflecting the gross wages earned, any deductions, net wages earned, and all dates the payments were for, among other items.

49. Defendants SPR and Birdsall failed or refused to provide Plaintiff with any wage statement, other paystub, or W-2, at any time he was employed by them since 2024.

50. Plaintiff is entitled to a statutory penalty of $4,000, plus attorney fees and costs against Defendants SPR and Birdsall.

## FIFTH CLAIM FOR RELIEF

**(Fraud)**

**(Against Defendants SPR and Birdsall)**

51. Plaintiff incorporates by reference, as though fully set forth herein, paragraphs 1 through 27 above.

52. Defendants, and each of them, represented to Plaintiff the funds he would loan to Defendant SPR, including up to $200,000, would be used as operating capital for SPR.

53. Defendant SPR and Birdsall also represented to Plaintiff that he would be classified as an employee, had been classified as an employee by SPR February and March 2025 pursuant to his employment agreement, and that part of Plaintiff's bi-monthly salary had been deducted and withheld for tax reasons by Defendants.

54. Defendants intentionally misrepresented their intent to use the funds loaned to SPR for operating capital. Instead, Defendants, and each of them, intended to direct the funds from SPR to its owners, and failed to disclose this fact to Plaintiff, deceiving Plaintiff.

55. Defendants SPR and Birdsall also misrepresented the fact they classified Plaintiff as an employee, had withheld part of Plaintiff's salary for tax purposes, and they would provide Plaintiff with the requested W-2 when none had been created or existed.

56. Defendants SPR and Birdsall knew the representations were false and/or misleading at the time they were made to Plaintiff.

57. Plaintiff reasonably relied on the representations of Defendants and would not have agreed to loan $200,000 to Defendant SPR if he had known the truth, that the funds would not be used as operating capital.

58. Plaintiff also reasonably relied on the representations of Defendants SPR and Birdsall regarding his employment classification and the fact tax withholdings were being made from his bi-monthly payment. If Plaintiff knew the truth, Plaintiff would not have agreed to let Defendants keep any portion of his bi-monthly payments, or otherwise waited for W-2s to be issued.

59. Plaintiff was harmed.

**SIXTH CLAIM FOR RELIEF**

**Negligent Misrepresentation**

**(Against Defendants SPR and Birdsall)**

60. Plaintiff incorporates by reference, as though fully set forth herein, paragraphs 1 through 27 and 46 to 59 above.

61. Although Defendants SPR and Birdsall may have honestly believed the representations to be true, they had no reasonable grounds for believing it to be true when made.

**Alter Ego Liability of Defendants Birdsall and Ryskin**

62. Defendants Ryskin and Birdsall, and each of them, comingled personal and business asset with SPR, such that Birdsall and Ryskin treated the assets of SPR as their own and distributed funds from SPR to themselves which made the company insolvent, or otherwise inadequately capitalized.

63. Defendants failed to follow the required corporate formalities in operating SPR, including failing to maintain their corporate records of actions taken.

64. There was a unity of interest between Defendants regarding Plaintiff's loan and his employment with SPR, in that both Ryskin and Birdsall personally

benefitted from the money loaned by Plaintiff to SPR after it was distributed to them individually, and they were able to retain, make personal expenses with, and otherwise disburse to themselves the unpaid wages and loan payments of Plaintiff.

65. Adherence to the fiction of SPR as a separate entity of Defendants Ryskin and Birdsall would sanction the performance of a fraud or injustice against Plaintiff, requiring the corporate veil to be pierced and set aside.

66. Plaintiff asserts and asks the Court to find Defendants Ryskin and Birdsall are personally liable for the damages suffered by Plaintiff, done by SPR.

## PRAYER

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

1. For compensatory damages in an amount no less than $249,000;
2. For punitive and exemplary damages in an amount to be determined at trial;
3. For statutory damages;
4. For attorney fees as provided by statute and law;
5. For costs incurred herein;
6. Prejudgment interest at the maximum legal rate; and
7. For such other relief as the Court determines to be reasonable and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests a trial by jury on all appropriate issues raised in this First Amended Complaint.

Respectfully submitted, LAW OFFICE OF DREW PETERSEN, P.C.

Dated: August 20, 2026

/s/ Gordon Andrew Petersen, II
Gordon Andrew Petersen, II
Attorney for Plaintiff,
Kauluokala Adams